Mr. A. Gerald Reiss, Director Department of Revenue 4th Floor, Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Reiss:
This official opinion is issued in response to a request by your predecessor for a ruling on the following question:
 "Should the Missouri Director of Revenue impose penalties and/or interest in addition to sales or use tax as provided in the sales tax statutes, Section 144.010
to Section 144.510, to those persons who fail to apply for a certificate of ownership on a newly acquired automobile within thirty days from the date of purchase, as required by Section 301.190, RSMo 1969?"
First, it should be noted that statutes imposing penalties for failure to pay a motor vehicle license fee or tax within the time provided by law are penal in nature and must be strictly construed. 60 C.J.S. Motor Vehicles § 142(1).
Chapter 144 authorizes the Director of Revenue to assess additional amounts against those persons who fail to file sales tax returns and remit taxes as required by Chapter 144. Section 144.080, RSMo 1969, reads as follows:
 "1. Every person receiving any payment or consideration upon the sale of property or rendering of service, subject to the tax imposed by the provisions of sections 144.010
to 144.510, is exercising the taxable privilege of selling the property or rendering the service at retail and is subject to the tax levied in section 144.020. He shall be responsible not only for the collection of the amount of the tax imposed on the sale or service to the extent possible under the provisions of section 144.285, but shall, on or before the thirtieth day of the month following each calendar quarterly period of three months, make a return to the director of revenue showing his gross receipts and the amount of tax levied in section 144.020 for the preceding quarter, and shall remit to the director of revenue, with the return, the taxes levied in section 144.020.
 "2. Where the aggregate amount levied and imposed upon a seller by section 144.020 is in excess of two hundred and fifty dollars for either the first or second month of a calendar quarter, the seller shall pay such aggregate amount for such months to the director of revenue by the fifteenth day of the succeeding month. The amount so paid shall be allowed as a credit against the liability shown on the seller's quarterly return required by this section.
 "3. Where the aggregate amount levied and imposed upon a seller by section 144.020 is less than forty-five dollars in a calendar quarter, the director of revenue shall by regulation permit the seller to file a return for a calendar year. The return shall be filed and the taxes paid on or before January thirty-first of the succeeding year." (Emphasis added)
This statute, then, provides for the collection, making of returns, and remittance of sales tax by every person exercising the taxable privilege of selling property or rendering service at retail. Subsection 4 of the above-quoted statutory provision specifically excludes the sales tax imposed on motor vehicle and trailers and states that said tax is to be collected as provided in Sections 144.070 and 144.440, RSMo 1969. In addition, Section144.100, RSMo 1969, provides that no returns shall be filed as a result of transactions provided for in Sections 144.070 and 144.440.
Section 144.100 provides in part as follows:
 "1. Every person making any taxable sales of property or service, except transactions provided for in sections 144.070 and 144.440, individually or by duly authorized officer or agent, shall make and file a written return with the director of revenue in such manner as he may prescribe." (Emphasis added)
Section 144.170, RSMo 1969, provides for the accrual of interest on delinquent taxes. Such section reads as follows:
 "All taxes not paid to the director of revenue by the person required to remit the same on the date when the same becomes due and payable to the director of revenue, shall bear interest at the rate of three percent per calendar month, or fraction thereof, from and after such date until paid."
Section 144.250, RSMo 1969, provides for the assessment of a penalty if a person neglects or refuses to make a return and payment as required by Sections 144.010 to 144.510, RSMo 1969.
Section 144.500 imposes a penalty for fraud or evasion. Such section provides as follows:
 "If fraud or evasion on the part of a person is discovered by the director of revenue, he shall determine the amount of which the state has been defrauded, shall add to the amount so determined a penalty equal to twenty-five percent thereof, and shall assess the same against the person. The amount so assessed shall be immediately due and payable; provided, however, that the director of revenue shall promptly thereafter give to said person written notice of such assessment and penalty, which notice shall be served personally on such person, or by registered mail. Such person shall have the right to petition for hearing of such assessment, as is provided herein."
Section 144.510 makes the violation of Sections 144.010 to144.510 a misdemeanor.
The question then is whether the above penalties are applicable to the purchaser of a motor vehicle. It is the opinion of this office that the penalties imposed in the above provisions are designed to be imposed on a person who is required to collect sales tax, file returns, and remit sales tax.
The individual who purchases a motor vehicle is not required to collect sales tax or file a return. Rather, Section 144.070
provides that said individual is to remit the sales tax directly to the Director of Revenue. Such section reads as follows:
 "1. At the time the owner of any new or used motor vehicle or trailer which was acquired in a transaction subject to sales tax under the Missouri sales tax law makes application to the director of revenue for an official certificate of title and the registration of said automobile or trailer as otherwise provided by law, he shall present to the director of revenue evidence satisfactory to said director of revenue showing the purchase price paid by or charged to the applicant in the acquisition of said motor vehicle or trailer, or that no sales tax was incurred in its acquisition, and if sales tax was incurred in such acquisition, such applicant shall pay or cause to be paid to the director of revenue the sales tax provided by the Missouri sales tax law in addition to the registration fees now or hereafter required according to law, and the director of revenue shall not issue a certificate of title for any new or used motor vehicle or trailer subject to sales tax as provided in said Missouri sales tax law until the tax levied for the sale of the same under sections 144.010 to 144.510
has been paid as herein provided.
 "2. As used above, the term `purchase price' shall mean the total amount of the contract price agreed upon between the seller and the applicant in the acquisition of said motor vehicle or trailer, regardless of the medium of payment therefor."
It is important to note that the foregoing statutory provision does not establish a due date for the remittance for said sales tax. It merely provides that the owner must pay the sales tax together with the registration fees prior to the issuance of a certificate of title for any new or used motor vehicle or trailer subject to the sales tax.
Section 301.190, RSMo 1969, states that a certificate of ownership is a prerequisite to the issuance of a certificate of registration. It further provides that:
 ". . . Application [for a certificate of registration of any motor vehicle or trailer] shall be made within thirty days after the applicant acquires the motor vehicle upon a blank form furnished by the director of revenue and shall contain a full description of the motor vehicle or trailer, manufacturer's or other identifying number, together with a statement of the applicant's source of title and of any liens or encumbrances on the motor vehicle or trailer, provided that for good cause shown the director of revenue may extend the period of time for making said application."
It follows, then, that the sales tax must be paid by the purchaser of the motor vehicle or trailer within thirty days after the acquisition of said motor vehicle or trailer. It is worth reiterating that, unlike the provisions of Chapter 144 requiring the making of returns and the remittance of sales tax by the seller of tangible personal property, the purchaser of a new motor vehicle or trailer is not required to make or file a return at the time he remits the sales tax. Section 301.190.3 provides for the imposition of a penalty if the certificate of registration is not acquired within thirty days after the purchase of the motor vehicle or trailer. It further provides in part as follows:
 ". . . If application for the certificate is not made within thirty days after the vehicle is acquired by the applicant, a delinquency penalty fee of five dollars for each month or part of a month of delinquency, not to exceed a total of twenty-five dollars, shall be imposed. If the director of revenue learns that any person has failed to obtain a certificate within thirty days after acquiring a motor vehicle or has sold a vehicle without obtaining a certificate, he shall cancel the registration of all vehicles registered in the name of the person, either as sole owner or as a coowner and shall notify the person that the cancellation will remain in force until the person pays the delinquency penalty fee provided in this section together with all fees, charges and payments which he should have paid in connection with the certificate of ownership and registration of the vehicle. . . ."
Subsection 4 of Section 301.190 further provides that it is unlawful for any person to operate a motor vehicle or trailer in this state which is required to be registered unless a certificate of ownership has been issued.
Section 301.440, RSMo 1969, imposes a general penalty for those violating the provisions of Chapter 301, RSMo 1969. It provides as follows:
 "Any person who violates any provision of sections 301.010 to 301.440 for which no specific punishment is provided shall upon conviction thereof be punished by a fine of not less than five dollars or more than five hundred dollars or by imprisonment in the county jail for a term not exceeding one year, or by both the fine and imprisonment."
Keeping in mind the principal of statutory construction that penalty provisions are penal in nature and must be strictly construed, it is the opinion of this office that Chapter 301 does not impose a penalty on the individual who fails to pay the sales tax on a new or used motor vehicle or trailer, but rather only imposes a penalty on the failure of such individual to obtain a certificate of title and certificate of registration within thirty days after the purchase of the vehicle or trailer.
Accordingly, neither Chapter 144 nor Chapter 301 imposes a penalty on the purchaser of a new or used motor vehicle or trailer for the failure to pay the sales tax. The penalty provisions in Chapter 144 are directed toward those individuals who are required to file sales tax returns while the penalty provisions of Chapter 301 are focused on the failure to properly obtain the certificates of title and registration.
CONCLUSION
Therefore, it is the opinion of this office that the Missouri Director of Revenue is not authorized to impose penalties and/or interest in addition to sales or use tax as provided in the sales tax statutes, Sections 144.010 to 144.510, RSMo 1969, on those individuals who fail to apply for a certificate of ownership on a newly acquired automobile within thirty days from the date of purchase, as required by Section 301.190, RSMo 1969. The only penalty collectible, if the certificate of ownership is not applied for within thirty days from the date of purchase, is that provided for in Section 301.190(3), RSMo, i.e., a penalty of five dollars for each month or fraction of a month of delinquency not to exceed twenty-five dollars.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Clarence Thomas.
Yours very truly,
 JOHN C. DANFORTH Attorney General